UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/15

JOHN PETRUCELLI,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

14 Civ. 9310

02 Cr. 99

**OPINION**

    Petitioner John Petrucelli applies *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, attacking the amended judgment of his conviction entered on November 4, 2013. He also moves for the recusal of the undersigned judge.

    The application for writ of habeas corpus cannot be granted because it is an uncertified second-or-successive motion. The motion for recusal is denied.

## Background

    On November 4, 2002, after a ten-day jury trial, Petrucelli was convicted of murder in aid of racketeering, a violation of 18 U.S.C. § 1959(a)(1). On February 7, 2003, he was sentenced to life imprisonment.

    Petrucelli's conviction was affirmed by the Second Circuit on direct appeal. United States v. Petrucelli, 97 Fed. App'x 355 (2d Cir. 2004). The

Supreme Court denied certiorari on November 15, 2004. Petrucelli v. United States, 543 U.S. 993 (2004).

Petrucelli subsequently filed a petition attacking his conviction under 28 U.S.C. § 2255, which this court denied. Petrucelli v. United States, No. 02 Cr. 99, 2009 WL 4858081 (S.D.N.Y. Dec. 15, 2009). Neither this court nor the Second Circuit granted a certificate of appealability. The Supreme Court denied certiorari on March 21, 2011. Petrucelli v. United States, 131 S. Ct. 1711 (2011).

On August 13, 2013, Petrucelli moved pursuant to Fed. R. Crim. P. 36 to correct what he described as "simple clerical errors" in his 2003 judgment of conviction (the "2003 judgment"). In the 2003 judgment, a box was checked beside a line in the judgment form indicating that payment of Petrucelli's criminal monetary penalties was due "in full immediately." On the same page, the judgment form included a line reading: "[s]pecial instructions regarding the payment of criminal monetary penalties." Directly beneath that line, the court inserted several lines of text detailing the special instructions: "If the defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the restitution. However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties. Restitution payments shall be made to the U.S. Attorney's Office for transfer to Joanne Cicero."

Petrucelli's motion to correct "clerical errors" in the judgment made the point that it was error to check a box which purported to require that payment of monetary penalties was due "in full immediately." This was in conflict with the detailed provisions described above. Petrucelli's motion was granted and an amended judgment was entered.

The amended judgment differed from the original judgment as follows. It did not indicate that the criminal penalties were due in full immediately. Instead, the court checked a box next to an item reading: "Lump sum payment of $100 due immediately, balance due in accordance with [special instructions below.]" The special instructions section inserted in the amended judgment were exactly the same as those in the 2003 judgment.

On November 4, 2014, Petrucelli filed the instant petition.

## The Present Petition

Petitioner now applies, *pro se*, for a writ of habeas corpus, alleging six grounds. The first ground is that Petrucelli's counsel provided ineffective assistance by not thoroughly advising Petrucelli of the benefits of a plea offer. The second ground alleges that Petrucelli's due process rights were violated because the conditions of his pre-trial confinement prevented him from fully researching and understanding a plea offer. Relatedly, Petrucelli further alleges that certain relevant exchanges at hearings were omitted from the record by the court reporter, violating his right to due process. The third ground alleges that the Government withheld certain evidence that would have

impeached a key witness, thus violating Petrucelli's rights under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The fourth ground alleges that Petrucelli received ineffective assistance of counsel because his counsel failed to seek a plea, retain an expert to attack eyewitness testimony, or present evidence of self-defense. The fifth ground alleges that Petrucelli's due process rights were violated because the District Court failed to ensure the accuracy of the court reporter's record, order Petrucelli's release from solitary confinement during his pre-trial proceedings, appoint substitute counsel or hold a Curcio hearing, or hold a hearing concerning Petrucelli's previous habeas corpus petition. The sixth ground alleges that the Government committed misconduct by (1) providing false information to the court and other authorities in order to cause Petrucelli's pre-trial solitary confinement, and (2) removing material from court transcripts and/or exploiting omissions from the transcripts in its prosecution of Petrucelli.

**Discussion**

Because Petrucelli is proceeding *pro se*, this Court is required to interpret his papers liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal citation omitted). Accordingly, his submissions have been held to somewhat relaxed standards.

Relief under Section 2255 is available only for "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that

4

constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

I.   Whether the Petition is a Second-or-Successive Motion

A threshold question concerning Petrucelli's petition is whether it is prohibited by 28 U.S.C. § 2255(h) as a "second or successive motion." Section 2255(h) provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." It is not disputed that no such certification has been granted here, nor is it disputed that Petrucelli has previously attacked his 2003 conviction in a separate Section 2255 petition. Petrucelli v. United States, No. 02 Cr. 99, 2009 WL 4858081 (S.D.N.Y. Dec. 15, 2009) (petition denied). However, Petrucelli argues that the instant petition is not a second-or-successive petition, but rather a first petition attacking the court's amended judgment of November 5, 2013.

The Supreme Court addressed the question of what constitutes a second-or-successive habeas corpus petition in Magwood v. Patterson, 561 U.S. 320 (2010). There, a petitioner brought an initial petition under 28 U.S.C. § 2254, challenging his state conviction. The district court upheld his conviction but overturned his sentence of death. At resentencing, the state court imposed a new sentence of death. The petitioner then brought a second petition under Section 2254 attacking the new death sentence. In the second petition, he claimed that he received ineffective assistance of counsel at the resentencing,

5

and reiterated claims from his initial petition. The Supreme Court ruled that the second petition was permissible in its entirety, because the rule against second-or-successive petitions did not apply to a first application challenging a new judgment intervening between habeas applications. Magwood, 561 U.S. at 333 ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged.").

The Second Circuit has confirmed that the rule from Magwood also governs petitions brought under Section 2255. See Johnson v. United States, 623 F.3d 41 (2d Cir. 2010). In Johnson, a prisoner filed an initial Section 2255 petition, successfully arguing that his convictions for both bank robbery and armed bank robbery constituted double jeopardy. His judgment of conviction was consequently modified. Namely, his conviction for bank robbery—but not armed bank robbery—was vacated. Id. at 43. The Second Circuit concluded that the petitioner was, thereafter, entitled to file a new Section 2255 petition challenging the entirety of the new judgment, including the unmodified portions. Id. at 45.

These cases establish that Petrucelli's 2255 petition is not a second-or successive motion if it attacks a new judgment. However, they provide little guidance on whether a judgment amended solely to correct a clerical error constitutes a new judgment.

Various cases from other circuits have addressed the question of what constitutes a new judgment. Petrucelli points to Richey v. Sinclair, 585 Fed.

6

App'x 636, 637 (9th Cir. 2014). The petitioner in Richey pleaded guilty to "attempted first degree murder, or in the alternative, attempted first degree felony murder," and then collaterally attacked his conviction. The Washington Supreme Court held that Richey could not plead to the crime of attempted felony murder because such a crime did not exist, but that his conviction and sentence remained valid because Richey had pleaded guilty to attempted intentional murder which was charged as an alternative []." Id. Subsequently, the state trial court corrected Richey's judgment by removing the statutory citation to attempted felony murder and adding a citation to attempted intentional murder. Richey then filed a new petition attacking the corrected judgment. The Ninth Circuit, applying Magwood, found that the new petition was not a barred "second or successive" motion because it was Richey's first attack on the corrected judgment, which "removed an invalid basis for Richey's conviction, i.e., attempted felony murder, and was a new, intervening judgment." Richey, 585 Fed. App'x at 637.

The Government draws the court's attention to further cases from other circuits, which demonstrate that there are limits to a petitioner's ability to avoid the rules on second-or-successive motions by attacking an amended judgment. In In re Martin, a prisoner attempted to bring a second petition for habeas corpus after the trial court entered an amended judgment which changed the offense of conviction. 398 Fed App'x 326, 327 (10th Cir. 2010). The entry of an amended judgment was not the result of new proceedings

before the court, and it "merely corrected a clerical error . . . which did not rise to the level of constitutional error, as [the petitioner] was fully aware of his offense of conviction." Id. The Tenth Circuit distinguished Magwood, concluding that the amended judgment was not an intervening new judgment, and denied the prisoner permission to file a second petition. Id. Furthermore, the Eleventh Circuit has concluded that a judgment amended to correct clerical errors pursuant to Fed. R. Crim. P. 36 "does not result in a new judgment that is exempt from the rules on second or successive petitions pursuant to 28 U.S.C. § 2255." United States v. Cano, 558 Fed. App'x 936, 942 n. 6 (11th Cir. 2014) (citing United States v. Ledesma-Cuesta, 472 Fed. App'x 412, 412 n. 2 (3d Cir. 2012).

A recent controlling decision follows the logic of the foregoing cases. In Marmolejos v. United States, the Second Circuit held that "[a]n amended judgment merely correcting errors that were clerical does not constitute a 'new judgment' within the meaning of Magwood . . . ." 14 Civ. 3519, 2015 WL 3499660 (2d Cir. June 4, 2015).

In the present case Petrucelli moved for a correction of clerical errors in his judgment pursuant to Fed. R. Crim. P. 36. That Rule "authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995). The correction in this case was an axiomatic application of Rule 36. Petrucelli's 2003 judgment included detailed special

instructions pertaining to his schedule of restitution payments. On the same page of the original judgment form, a box was checked indicating that his payments were due in full immediately, in contradiction of the special instructions.

The court granted Petrucelli's motion for a correction under Rule 36, and issued an amended judgment wherein the correct boxes were checked, thus correcting the error. The actual restitution payment schedule, and all other portions of the judgment, remained exactly the same. The amended judgment was therefore a correction of a clerical error. It was not in reality a new intervening judgment. This means that Petrucelli's petition is a second-or-successive motion under Section 2255(h) with respect to what was in fact the only judgment in this case.

Accordingly, this court cannot consider Petrucelli's claims until his petition has been duly certified by the Court of Appeals for the Second Circuit. To obtain that certification, Petrucelli must demonstrate to the Court of Appeals that his motion is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h).

II.   <u>The Motion for Recusal</u>

In addition to his Section 2255 petition, Petrucelli moves for recusal of the undersigned judge from the proceedings in his case. The motion for recusal is denied.

It is required under 28 U.S.C. § 455(a) that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Second Circuit, the precise standard for recusal has been articulated as follows:

> "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?"

Diamondstone v. Macaluso, 148 F.3d 113, 120–21 (2d Cir.1998) (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992)). A district judge's prior decisions adverse to a defendant do not merit recusal. See Smith v. United States, 554 Fed. App'x 30, 32 (2d Cir. 2013).

Petrucelli argues for recusal on five grounds. First, while Petrucelli was detained pre-trial, the court declined to order the Bureau of Prisons to reverse its decision to place Petrucelli in the Special Housing Unit (i.e., solitary confinement). Petrucelli Recusal Aff. ¶ 9. Second, Petrucelli argues that some of his pre-trial hearings were transcribed inaccurately or incompletely by the court reporter, and that the court has not repaired these alleged defects. Petrucelli Recusal Mem. at ¶¶ 4-6. Third, Petrucelli argues that his waiver of his right to conflict counsel was not made knowingly and voluntarily, and that the court wrongly accepted the waiver. Petrucelli Recusal Aff. ¶ 13. Fourth, Petrucelli notes that the court rejected Petrucelli's ineffective assistance of counsel claims in his original Section 2255 petition. Id. at ¶ 16. Fifth, he

notes that court rejected Petrucelli's claim in his original Section 2255 petition that the government improperly withheld evidence. Id. at ¶ 17.

Petrucelli's first, fourth, and fifth claims rest on decisions by the court adverse to the petitioner and cannot support recusal. The fourth claim is an allegation of a procedural defect which was considered and rejected in Petrucelli's original 2255 petition. The third claim, relating to inaccuracies transcripts, is entirely unsupported except by Petrucelli's own statements. None of Petrucelli's claims would cause a fully informed, disinterested observer to question the court's impartiality. The motion for recusal should be denied.

## Conclusion

Petrucelli's motion for recusal of the undersigned is denied.

In the interests of justice, the court transfers this matter to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 1631. This order closes this action. If the Court of Appeals authorizes Petrucelli to file a second-or-successive motion pursuant to 28 U.S.C. § 2255(h), he may move to reopen his action with this court.

Petitioner has made no substantial showing of a denial of a federal right, and no certificate of appealability will issue. Petitioner's submissions and supplements thereto have been considered in their entirety.

SO ORDERED.

Dated: New York, New York
       September 15, 2015

_____
Thomas P. Griesa
United States District Judge