UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN PETRUCELLI,

                             Petitioner,

     v.

UNITED STATES OF AMERICA,

                             Respondent.

14-cv-9310
02-cr-99

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-24-15

---

Before the court is petitioner John Petrucelli's *pro se* motion seeking to alter or amend the order entered on September 15, 2015.

For the reasons stated below, the court finds that it does not have jurisdiction to rule on Petrucelli's motion.

**Background**

On November 4, 2002, after a ten-day jury trial, John Petrucelli was convicted of murder in aid of racketeering. On February 7, 2003, he was sentenced to life imprisonment. Petrucelli's conviction was affirmed by the Second Circuit, *United States v. Petrucelli*, 97 F. App'x 355 (2d Cir. 2004), and the Supreme Court denied certiorari, *Petrucelli v. United States*, 543 U.S. 993 (2004).

On November 14, 2005, Petrucelli filed a collateral attack on his conviction pursuant to 28 U.S.C. § 2255. This court denied that petition

on December 15, 2009.  *Petrucelli v. United States*, 02-cr-99, 2009 WL 4858081 (S.D.N.Y. Dec. 15, 2009).

In August 2013, Petrucelli moved pursuant to Federal Rule of Criminal Procedure 36 to correct what he described as "simple clerical errors" in his 2003 Judgment and Commitment Order.  Dkt. No. 70.  In the 2003 Order, a box was checked that indicated that payment of Petrucelli's criminal monetary penalties was due "in full immediately." However, on the same page, the judgment form included a line reading: "Special instructions regarding the payment of criminal monetary penalties."  Directly beneath that line, the court inserted several lines of text detailing the special instructions: "If the defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the restitution.  However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties.  Restitution payments shall be made to the U.S. Attorney's Office for transfer to Joanne Cicero."

Because the checked box which purported to require payment of monetary penalties "in full immediately" conflicted with the detailed special instructions regarding payment, the court granted Petrucelli's Rule 36 motion and entered an amended judgment on November 5, 2013, which corrected the clerical errors.

In November 2014, Petrucelli filed another habeas petition. Dkt. No. 80. Under 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." Petrucelli argued that this 2014 petition was not a second or successive petition, but rather a first petition attacking the court's amended judgment of November 5, 2013. If the 2013 amended judgment counted as a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010), then Petrucelli's first habeas petition filed after the entry of that new judgment could not have been labeled second or successive.

On June 4, 2015, the Second Circuit decided that a petition in an analogous case was indeed second or successive. *Marmolejos v. United States*, 789 F.3d 66, 72 (2d Cir. 2015). *Marmolejos* too involved a correction of a clerical error. The Second Circuit found that a judgment correcting a clerical error was not a "new judgment" within the meaning of *Magwood* and *Johnson*. *Id.* at 71. As such, a petition filed after the amended judgment could still be characterized as second or successive.

In accordance with *Marmolejos*, this court found Petrucelli's 2014 petition to be second or successive, and thus transferred the matter to the Second Circuit, pursuant to 28 U.S.C. § 1631, so that it could determine whether to certify the petition. *Petrucelli v. United States*, 02-cr-99, 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015). Before the Second Circuit had rendered a decision, Petrucelli filed the instant

motion pursuant to Federal Rule of Civil Procedure 59(e), seeking to alter or amend this court's order finding his 2014 petition to be second or successive.

## Discussion

This court must first decide whether it has jurisdiction to rule on Petrucelli's 59(e) motion. That is, when a district court issues an order determining that a habeas petition is second or successive and transferring the matter to the appellate court, does the district court retain jurisdiction over a 59(e) motion seeking to alter or amend that order?

While it seems that the Second Circuit has not decided this question explicitly, in a recent case, the Sixth Circuit answered in the negative. In *Jackson v. Sloan*, Judge Sutton makes a compelling case for why a transfer order removes the district court's jurisdiction. 800 F.3d 260 (6th Cir. 2015). "When a district court transfers a second-or-successive habeas petition, the case travels from one court . . . to another . . . . Such inter-court transfers . . . are events of jurisdictional significance . . . . Jurisdiction follows the file, . . . meaning that the one court loses jurisdiction and the other court gains it when a case file physically moves between courts." *Id.* at 260–61 (citations omitted).

The Tenth Circuit has held similarly. *See United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006) (stating that an argument that a motion was not second or successive "should have been addressed to

this [circuit] court, since the case had been transferred here and the request for authorization was pending").

And in *Marmolejos,* the Second Circuit used language that implied that it agreed with the Sixth and Tenth Circuits, noting that "a habeas petitioner who contends that a transfer order was erroneous because he believes his petition or motion is not second or successive may challenge the transfer by moving to retransfer the matter to the district court." 789 F.3d at 69.

In light of these cases, the court finds that it does not have jurisdiction to rule on Petrucelli's 59(e) motion.[1]  After the court found Petrucelli's motion to be second or successive, it transferred the matter to the Second Circuit. Petrucelli's 59(e) motion came after that transfer had occurred, and the Second Circuit has yet to rule on whether to certify Petrucelli's petition. If Petrucelli believes the court erred in transferring his case, he should challenge the order by arguing to the Second Circuit that it should retransfer the matter back to the district court. *See Marmolejos,* 789 F.3d at 69.

---

[1] Even if this court did have jurisdiction to rule on Petrucelli's 59(e) motion, the motion would fail on the merits.  "[C]ourts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law."  *Lorenzana v. United States*, 11-cv-6153 (JFK), 2013 WL 4400526, at *2 (S.D.N.Y. Aug. 15, 2013) (citations omitted).  None of the first three of these rare grounds is present here.  And the only change in controlling case law, that is, the Second Circuit's decision in *Marmolejos*, is harmful, not helpful to Petrucelli.

## Conclusion

For the reasons stated above, the court finds that it does not have jurisdiction to rule on petitioner's 59(e) motion.

SO ORDERED.

Dated: New York, New York
November 24, 2015

Thomas P. Griesa
U.S. District Judge